11-2799-ag
Yang v. Holder
BIA
Nelson, IJ
A093 412 710

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of August, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

_____

XIUQIN YANG,
> *Petitioner*,

> v.                                              11-2799-ag
>                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Albert S. Lefkowitz, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Lyle D. Jentzer, Senior

**Counsel; Daniel I. Smulow, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiuqin Yang, a native and citizen of the People's Republic of China, seeks review of a June 15, 2011, order of the BIA affirming the May 20, 2009, decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiuqin Yang*, No. A093 412 710 (B.I.A. June 15, 2011), *aff'g* No. A093 412 710 (Immig. Ct. N.Y. City May 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as modified and supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also*

*Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Yang does not challenge the IJ's findings that she did not demonstrate a fear of future persecution or her eligibility for CAT relief, we consider only her past persecution claim and the agency's adverse credibility determination.

For applications such as Yang's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. The IJ's adverse credibility determination here is supported by substantial evidence. The IJ reasonably based her credibility finding on inconsistencies within Yang's

3

medical documentation and between the documentation and Yang's testimony regarding whether Yang had been pregnant or had undergone a forcible abortion in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (the agency may consider inconsistencies between the applicant's oral statements with other evidence in the record in assessing credibility).

Yang argues that the BIA failed to adequately consider her explanations that she had not understood the contradicting documents and did not know whether she had been questioned about her abortion. To the contrary, the BIA explicitly considered her explanations and reasonably rejected them given that Yang had not explained why her previous health care providers would affirmatively and repeatedly note that she did not have a pregnancy before 2003 or an abortion if she had not provided that information. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (noting that the agency need not credit an explanation for an inconsistency unless those explanations would compel a

reasonable fact-finder to do so). Given the inconsistencies between Yang's documentary evidence and her testimony and within the documentary evidence itself, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk